IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00878-MSK-MJW

CONRAD E. GARDNER and
INGRID GARDNER,

      Plaintiffs,

v.

GOLDEN CITY COUNCIL, and
CITY OF GOLDEN,

      Defendants.

---

# OPINION AND ORDER GRANTING MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 20)**, the Plaintiffs' response **(# 21)**, and the Defendants' reply **(# 23)**.

According to the Amended Complaint **(# 7)**, the Plaintiffs are owners of a building in the City of Golden, Colorado. In or about early 2004, Leo Bradley, owner of a nearby building, applied to the City Planning Commission for approval of a plan to modify his building. The Plaintiffs objected to Bradley proposal, arguing that it would block the view of their building and would violate a municipal ordinance relating to preserving view corridors. The Planning Commission declined to approve Bradley's proposal, and Bradley appealed the matter to the Golden City Council. On May 13, 2004, the City Council reversed the decision of the Planning Commission and approved Bradley's proposal.

On June 9, 2004, relying on Section 18.40.040(5) of the City's municipal ordinances,

which provides for an appeal of the City Council's decision to the Colorado District Courts pursuant to C.R.C.P. 106(a)(4), the Plaintiffs appealed the matter to the Colorado District Court for Jefferson County. Apparently unbeknownst to the Plaintiffs, on May 24, 2004, the Colorado Supreme Court had decided *Town of Frisco v. Baum*, 90 P.3d 845 (Colo. 2004), which held that where a municipality establishes a municipal court and vests that court with exclusive original jurisdiction over matters arising under the municipality's ordinances, claims arising under such ordinances must be filed in the municipal court in the first instance, regardless of the provisions of C.R.C.P. 106(a)(4).

In the wake of *Baum*, the City of Golden moved to dismiss the Plaintiffs' appeal in the District Court, arguing that Golden's Municipal Court had exclusive jurisdiction over appeals from City Council decisions. On September 13, 2004, the District Court granted the motion and dismissed the Plaintiffs' appeal. On October 12, 2004, the Plaintiffs filed a new appeal in Golden Municipal Court, but on April 28, 2005, that court dismissed the appeal for lack of jurisdiction, finding that it had not been filed within 30 days of the City Council's decision. The Municipal Court concluded that *Baum* modified the municipal ordinances only with regard to the venue in which the Plaintiffs must bring their appeal, but did not modify the deadlines created for filing the appeal.

The Plaintiffs appealed the Municipal Court's dismissal to the District Court in Jefferson County, pursuant to C.R.C.P. 106. *See also Baum*, 90 P.3d at 850 ("Respondent was required to file first in the municipal court with a right of appeal to the district court"). On July 21, 2005, the District Court dismissed the appeal, finding that it lacked jurisdiction because the Plaintiffs had

not timely appealed the City Council's decision to the municipal court.[1] The Plaintiffs requested reconsideration of that order, but the District Court denied in on September 1, 2005.

The Plaintiffs appealed the District Court's decision to the Colorado Court of Appeals. On February 22, 2007, the Court of Appeals dismissed the appeal, finding that it also lacked jurisdiction. Specifically, it held that pursuant to C.R.S. § 13-6-310(1), the District Court was sitting in an appellate capacity when it ruled on the Plaintiffs' appeal, and thus, any further appeal of the District Court's ruling must be by certiorari to the Colorado Supreme Court. C.R.S. § 13-4-102(1)(f); *Bovard v. People*, 99 P.3d 585 (Colo. 2004). The Plaintiffs filed a motion for reconsideration with the Court of Appeals on March 8, 2007, and shortly thereafter, commenced the instant case. Although it had not yet occurred at the time of the Complaint, this Court takes judicial notice that on August 20, 2007, the Colorado Supreme Court denied the Plaintiffs' request for a writ of certiorari, effectively concluding proceedings in the state court. *Gardner v. Golden City Council*, 2007 WL 2351305 (Colo. 2007).

The Plaintiffs' *pro se* Amended Complaint **(# 7)** purports to allege two claims under 42 U.S.C. § 1983: (i) that the municipal ordinance governing appeals for City Council determinations deprived the Plaintiffs of procedural Due Process under the 14th Amendment to the U.S. Constitution, insofar as it "created a trap" that caused the Plaintiffs to lose any right to appeal the City Council's decision; and (ii) that the effect of the ordinance permitting appeals from Planning

---

[1] In doing so, the District Court empathized with the Plaintiffs: "The Court agrees that Plaintiffs have been placed in a position in which they have had no control of: they file an appeal following the currently existing ordinance, were then told that due to a brand new interpretation of the law that they filed the appeal in the wrong location, and then were told that they can not re-file their appeal in the correct location because of time limits which could have only been met if the Plaintiffs disregarded the jurisdiction's own rules."

3

Commission decisions to the City Council rendered the City Council a quasi-legal body that exceeded their jurisdiction. The precise grounding of this claim in the U.S. Constitution is unclear; the Plaintiffs simply state that "having an appeal decided by a court consisting of members who have no legal background requirements at all is on its face a denial of due process."

The Defendants move to dismiss **(# 20)** the Plaintiffs claims, arguing: (i) that the Court should abstain from exercising jurisdiction over the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), insofar as federal courts should not interfere with ongoing state-court proceedings when a state forum provides an adequate avenue for relief; and (ii) that the Plaintiffs claims fail on their merits because the Plaintiffs cannot show that they possessed a property interest in any particular form of appellate procedure. In response **(# 21)**, the Plaintiffs argued that: (i) *Younger* abstention is inappropriate because, after the filing of the Defendants' motion but before the Plaintiffs' response, the Colorado Supreme Court denied certiorari, and thus, there was no longer an ongoing state court action to abstain regarding; (ii) that the state courts had failed to address the Plaintiffs' Due Process claims, further suggesting that abstention was inappropriate; and (iii) that the Plaintiffs posses a property interest in the view corridor of their building. In reply **(# 23)**, the Defendant withdrew its argument that the Court should abstain based on *Younger*, and urged only that the Plaintiffs failed to state a claim because they lacked a protectible property interest.

Because the Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-plead allegations in the Amended Complaint as true and view those allegations in the light most favorable to the Plaintiffs. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch.*

*For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Amended Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Amended Complaint, but may also consider documents attached to the Amended Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Amended Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001). Here, the factual detail recited above is set forth primarily in various exhibits to the Amended Complaint. In their response brief, the Plaintiffs also attach copies of the relevant ordinances from the City of Golden Municipal Code. Those ordinances are central to the Plaintiffs' claims and repeatedly cited in the Amended Complaint and supporting exhibits. The Defendants do not dispute the authenticity of the cited Code sections, and thus, all of the material presented by the parties is properly before the Court on a Rule 12(b)(6) motion.

The 14th Amendment to the United States Constitution provides that a person cannot be deprived of liberty or property without Due Process. To state a Due Process claim, the Plaintiffs must make three showings: (i) that they possessed a protectible property interest; (ii) that they were deprived of that interest; and (iii) that the deprivation occurred in the absence of sufficient procedural protections. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). To

have a property interest in a thing, a person must have something more than an abstract need or desire for it, or a unilateral expectation of obtaining or preserving it. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Rather, the person must have "a legitimate claim of entitlement to it," and that entitlement must arise from existing rules or state law. *Id.* A thing that can be granted or denied at the discretion of a governmental official cannot support a protectible property interest. *Id.*; *Teigen*, 511 F.3d at 1080. Thus, to be protectible, a property interest created by state law must be something that is specific and presently enforceable. *Teigen*, 511 F.3d at 1081. In the particular context of land-use decisions, the determination of whether a person has a protected property interest in a certain outcome on a land-use decision only if that defendants' discretion to reach a different outcome is limited by the procedures in question – that is, if the procedures, if followed compel a particular outcome. *Nichols v. Board of County Commissioners*, 506 F.3d 962, 970 (10th Cir. 2007). In other words, if the deciding body enjoys discretion and the outcome of the proceedings is not dictated by the procedure at issue, no property interest is implicated. *Id.*

Here, the Plaintiffs argue that their property interest is their right to maintain an unobstructed view corridor to and from their property. In support of their claim that they are "entitled" to have their view corridor protected, they point to Section 18.40.350 of the Municipal Code. That section, entitled "Downtown zone design guidelines" states that "site development plans" for proposed building in the area where the Plaintiffs' property is located "shall . . . demonstrate conformance" with 10 specific guidelines. Among the listed guidelines are encouragements to align building heights and architectural features, to preserve original facades, and to "[c]reate view corridors using open spaces that focus on architectural landmarks." Section

6

18.40.030 of the Municipal Code, which governs review of building plans by the Planning Commission, describes the focus of the Planning Commission's approval as being based on "whether the proposal . . . substantially complies with the guidelines contained in this chapter." The ordinance goes on to state that "Substantial compliance with the guidelines does not require compliance with each of the guidelines, nor substantial compliance with each individual guideline, but rather a demonstrated attempt to comply with the guidelines, with the result of compliance with the preponderance of the guidelines in their entirety." *Id.*

From this, it is clear that the Plaintiffs enjoyed nothing more than an abstract hope or desire that their view corridor would be retained as a result of any Planning Commission decision. The Plaintiffs do not point to a regulation that constrains the ability of the Planning Commission to exercise discretion when view corridors are affected, or that would have compelled the Planning Commission to reject the Bradley proposal for that reason. Although the Code identifies the preservation of view corridors as one of many goals to be addressed by planning decisions, it does not limit the discretion of the Planning Commission to approve building plans that compromise view corridors, particularly if the Planning Commission concludes that the plan substantially complies with the majority of the other guidelines. Accordingly, the Plaintiffs cannot show that their interest in retaining their view corridor is a protectible property interest sufficient to support a Due Process claim.

The alleged property interest in the view corridor is the only property interest expressly claimed by the Plaintiffs in their response. Given the Plaintiffs' *pro se* status, the Court has independently considered whether the allegations in the Complaint could support any other arguable property interest beyond that identified by the Plaintiffs themselves. Specifically, the

Court has considered whether Section 18.40.040 of the Municipal Code, which describes the procedure by which one appeals a Planning Commission decision to the City Council, and later, to the Colorado District Court, creates a protectible property interest in appellate review of the Planning Commission's decision. However, it is well-settled that there it no protectible property interest in the designation of appellate procedures. *Gonzales*, 545 U.S. at 764; *Teigen*, 511 F.3d at 1081 n. 4. Because the Plaintiffs cannot demonstrate that a particular outcome would have been compelled on appeal, they can demonstrate no property interest in the appeal procedure.

Accordingly, the Plaintiffs have not pled a protectible property interest, and their Due Process claim in the first cause of action must be dismissed.

As to the Plaintiffs' claim in the second cause of action, the Court finds that it fails to state a claim. The Plaintiffs appear to argue that the City Council "exceeded its jurisdiction" in hearing an appeal from the Planning Council, insofar as it was acting in a "quasi-judicial" capacity. Precisely how these allegations amount to a deprivation of Due Process is unclear. In any event, any argument by the Plaintiffs in this regard is defeated by Section 18.40.040(2) of the Municipal Code, which expressly vests authority in the City Council to hear appeals from determinations by the Planning Commission. Thus, appellate review of such determinations is clearly within the legislatively-created jurisdiction of the City Council. Accordingly, the Plaintiffs' second claim for relief is dismissed as well.

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 20)** is **GRANTED**. The Complaint is **DISMISSED**, and the Clerk of the Court is directed to close this case.

Dated this 3rd day of March, 2008

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge